# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALMA DELIA IBARRA, | ) |
| Plaintiff, | ) ) ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 15-1158-KHV |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Alma Delia Ibarra appealed the final decision of the Commissioner of Social Security to deny disability benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401 et seq. and supplemental security income ("SSI") benefits under Title XVI of the SSA. On September 21, 2016, pursuant to the fourth sentence of 24 U.S.C. § 405(g), the Court entered judgment reversing the Commissioner's decision and remanding the case for further proceedings. Judgment In A Civil Case (Doc. #33). On January 3, 2017, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), the Court awarded plaintiff attorney's fees in the amount of $6,900.00. Order Granting Attorney's Fees Under The Equal Access To Justice Act (EAJA) (Doc. #25). On January 10, 2018, the Social Security Administration notified plaintiff of a fully favorable decision on remand. See Memorandum In Support Of Motion For Attorney Fees (Doc. #37) filed May 21, 2018, Exhibits C and D. This matter comes before the Court on plaintiff's Motion For Approval Of Attorney Fees (Doc. #36) filed May 21, 2018.

## Background Information

On April 27, 2015, plaintiff and her attorney entered into a contingency fee agreement regarding representation in federal court. See Contingent Fee Agreement, Exhibit A to

<u>Memorandum In Support Of Motion For Attorney Fees</u> (Doc. #37). The agreement provides that in the event benefits are awarded, subject to review, approval and/or modification by the court, counsel shall receive 25 per cent of all past due social security disability and SSI benefits. <u>Id.</u>

As noted, the Court previously entered judgment reversing and remanding the Commissioner's decision and awarded attorney's fees under the EAJA in the amount of $6,900.00. <u>Order Granting Attorney's Fees Under The Equal Access To Justice Act (EAJA)</u> (Doc. #25).

On remand, the Social Security Administration decided the case fully in favor of plaintiff. <u>See</u> Counsel's Affidavit ¶ 2, Exhibit D to <u>Memorandum In Support Of Motion For Attorney Fees</u> (Doc. #37). It determined an onset of disability beginning January 26, 2012 and awarded past-due disability benefits in the amount of $67,139.00 and past-due SSI benefits in the amount of $1,861.30. <u>See id.</u> From past-due disability benefits, <u>i.e.</u> $67,139.00, the Social Security Administration withheld 25 per cent, <u>i.e.</u> $16,784.75. <u>See id.</u> From past-due SSI benefits, <u>i.e.</u> $1,861.30, the Social Security Administration withheld no funds. <u>See id.</u> From the funds withheld, <u>i.e.</u> $16,784.75, under 42 U.S.C. § 406(a),[1] the Social Security Administration authorized payment of $6,000.00 to plaintiff's counsel for representation before the Commissioner. <u>See</u> <u>Notice Of Award</u> at 3-4 and Counsel's Affidavit ¶ 2, Exhibits B and D to <u>Memorandum In Support Of Motion For Attorney Fees</u> (Doc. #37). Regarding the remaining funds withheld, <u>i.e.</u> $10,784.75,[2] the Social Security Administration informed plaintiff as follows:

> We will continue to withhold the remainder, $10,784.75[,] in case your lawyer asks

---

[1] Section 406(a) authorizes the Commissioner to approve attorney's fees for representation in proceedings before the Commissioner. <u>See</u> 42 U.S.C. § 406(a).

[2] $16,784.75 funds withheld less $6,000.00 to counsel for representation before Commissioner equals $10,784.75.

the Federal Court to approve a fee for the work that was done before the court.

Section 206(B) of the Social Security Act, as amended, governs fees for services before the court. ***

Notice Of Award at 4, Exhibit B to Memorandum In Support Of Motion For Attorney Fees (Doc. #37).

**Legal Standards**

Attorneys handling social security cases in court may seek fees under both the EAJA and the SSA. See McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006). The statutes provide two different types of fee awards which the c ourt determines separately. See id. (citing Frazier v. Apfel, 240 F.3d 1284, 1286 (10th Cir. 2001)). Under the EAJA, unless it finds that the government's position was "substantially justified" or that special circumstances make an award unjust, the Court may award fees based on a statutory maximum hourly rate of $125.00. 28 U.S.C. § 2412(d). Fees awarded under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid from agency funds. See McGraw, 450 F.3d at 497 (citing Orner v. Shalala, 30 F.3d 1307, 1309 (10th Cir. 1994)); 28 U.S.C. § 2412(d)(1)(A) (EAJA fee awarded to prevailing party). As such, the government may offset fees awarded under the EAJA to satisfy a claimant's pre-existing debt to the government. See Astrue v. Ratliff, 560 U.S. 586, 589 (2010).

Under the SSA, the Court awards fees out of past-due benefits to satisfy a client's obligation to counsel. See 42 U.S.C. 406(b)(1)(A);[3] McGraw, 450 F.3d at 497. In awarding fees under the

---

[3] Section 406(b) states, in part, as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess

(continued...)

SSA, the Court exercises discretion. Gordon v. Astrue, 361 F. App'x 933, 935 (10th Cir. 2010). The Court determines such fees based on reasonableness, with a statutory maximum of 25 per cent of past-due benefits. See id. The Court may determine a reasonable fee based on a lodestar calculation[4] or a contingency fee agreement between the attorney and client. See Gisbrecht v. Barnhart, 535 U.S. 789, 799-800 (2002).[5] SSA fees are paid directly to counsel. See McGraw, 450 F.3d at 497; 42 U.S.C. § 406(b)(1) (SSA fee paid out of past-due benefits). If counsel receives fees under both the EAJA and the SSA, counsel must refund the smaller amount to plaintiff. See McGraw, 450 F.3d at 497-98 (citing Gisbrecht, 535 U.S. at 796; Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986)).

**Analysis**

Under the SSA, 42 U.S.C. § 406(b)(1)(A), counsel asks the Court to authorize attorney's fees in the amount of $11,235.09. Specifically, counsel seeks $10,784.75, i.e. the amount remaining

---

[3](...continued)
of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

[4] The Court calculates the lodestar amount by multiplying the hours counsel reasonably spent on the litigation by a reasonable hourly rate. See Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998).

[5] In Gisbrecht, the Supreme Court found that Section 406(b) does not exclude contingent fee contracts that produce fees within the statutory ceiling. 535 U.S. at 800. The Court noted that the statute requires courts to review such agreements as an "independent check" to ensure that they yield reasonable results in particular cases. Id. at 807.

from withheld past-due disability benefits. In addition, counsel seeks 25 per cent of past-due SSI benefits, i.e. $465.32.[6] As noted, the Social Security Administration did not hold any funds from past due SSI benefits. Counsel asserts that the Social Security Administration should have withheld 25 per cent and that he is entitled to recover such amount in attorney's fees. See Memorandum In Support Of Motion For Attorney Fees (Doc. #37) at 2, ¶ 3 and Counsel's Affidavit ¶ 2, Exhibit D thereto. Counsel provides no legal authority or analysis to support a claim that he is entitled to recover the latter amount, or from whom he would recover it. As discussed infra, the Court finds that attorney's fees of $10,784.75 are appropriate and reasonable. It therefore denies counsel's request for additional amounts which the Social Security Administration did not withhold.

Section 406(b) limits attorney fee awards to 25 per cent of the total past due benefits to which claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In addition, the fee must be reasonable. Id. In Gisbrecht, the United States Supreme Court found that although Section 406(b) does not displace contingency fee agreements between plaintiffs and their counsel, the statute "calls for court review of such arrangements to assure that they yield reasonable results in particular cases." 535 U.S. at 807. When evaluating reasonableness of a contingency fee, the Court considers whether (1) the character of the representation and the results it achieved were substandard; (2) the attorney is responsible for delay that causes disability benefits to accrue during the pendency of the case in court; and (3) the benefits are large in comparison to the amount of time counsel spent on the case. Gordon v. Astrue, 361 F. Appx. 933, 934 (10th Cir. 2010) (quoting Gisbrecht, 535 U.S. at 808).

Considering these factors, the Court finds that an award of $10,784.75 is reasonable and

---

[6] $1,861.30 x .25 equals $465.32. Counsel's affidavit erroneously asserts that 25 per cent of $1,861.30 equals $450.34. See Counsel's Affidavit ¶ 2, Exhibit D to Memorandum In Support Of Motion For Attorney Fees (Doc. #37).

within the statutory limit. Counsel recorded 37.85 hours of work on the case, which translates to an effective hourly rate of $284.93.[7] See Counsel's Affidavit ¶ 4, Exhibit D to Memorandum In Support Of Motion For Attorney Fees (Doc. #37). This amount is within the range of reasonable fees which the court has approved in other social security cases. See Boyer v. Berryhill, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018) (citing cases with reasonable hourly fees ranging from $258 to $418); Duff v. Colvin, 13-2466-DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (hourly fee of $358.50 reasonable). Neither party submits materials in support of reducing the fee award. Indeed, the Commissioner does not object, but notes that since plaintiff was also awarded attorney fees under the EAJA, counsel must return the lesser of the two fees to plaintiff. See Defendant's Response To Plaintiff's Motion For An Award Of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #38) filed May 25, 2018 at 1-2. On this record, the Court finds that a fee award of $10,784.75 is reasonable.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Approval Of Attorney Fees (Doc. #36) filed May 21, 2018 is **SUSTAINED in part**. Under 42 U.S.C. § 406(b), plaintiff's attorney, David H.M. Gray, is entitled to fees in the amount of $10,784.57. The Commissioner shall pay those fees from the amount which she is holding from plaintiff's past-due benefits. The Commissioner shall pay to plaintiff any remainder of withheld benefits.

Dated this 23rd day of July, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[7]  $10,784.57 divided by 37.85 equals $284.93.